11-2374-ag
Nugroho v. Holder

BIA
Videla, I.J.
A079 708 152

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4ᵗʰ day of June, two thousand twelve.

PRESENT:
        PIERRE N. LEVAL,
        REENA RAGGI,
        DENNY CHIN,
            Circuit Judges.
_____

VERRY DWI NUGROHO,
        *Petitioner,*

        v.                                    11-2374-ag
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:         Charles Christopher, Christopher Law
                        Group, PC, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Russell J.E. Verry, Senior
                        Litigation Counsel, Elizabeth R.
                        Chapman, Trial Attorney, Office of
                        Immigration Litigation, United
                        States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Verry Dwi Nugroho, a native and citizen of Indonesia, seeks review of a May 20, 2011, decision of the BIA affirming the July 28, 2009, decision of Immigration Judge ("IJ") Gabriel C. Videla, finding that Nugroho was incredible and denying his application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Verry Dwi Nugroho*, No. A079 708 152 (B.I.A. May 20, 2011), *aff'g*, No. A079 708 152 (Immig. Ct. N.Y. City July 28, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

In finding that Nugroho was incredible, the agency reasonably relied on his failure to include in his asylum application the threat he allegedly received in 2001, and the inconsistency between his statement in the application that his wife had repeatedly moved and his testimony that she had been living with a relative for the past five years. These inconsistencies were substantial and bore a legitimate nexus to his claim, as the threat and his wife's repeated moves would support his assertion that his attackers were continuing to look for him. *See Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003), *superseded by statute on other grounds as recognized in Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008).

Although Nugroho now contends that he did include the threat in the asylum application, at the hearing he testified that he had forgotten to include this threat. Nugroho also contends that there is no inconsistency as to whether his wife moved repeatedly because, in his asylum application, he had stated that he had moved from place to place, not his wife. However, this contention fails to explain Nugroho's statement in the asylum application that his wife moved from place to place. As the Government

3

correctly notes, Nugroho failed to present these explanations to the agency, and they are unexhausted. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007). Regardless, neither of Nugroho's explanations compels the conclusion that the credibility finding must be reversed. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (finding that the agency need not credit an applicant's explanations unless those explanations would compel a reasonable fact-finder to do so).

Further, Nugroho has not challenged the additional basis of the agency's adverse credibility finding, the implausibility of his testimony that he repeatedly changed his residence in order to evade his attackers, but that he continued to work at the same church, although his attackers knew he worked there. Because the agency's adverse credibility determination was supported by substantial evidence, the denial of Nugroho's application for asylum, withholding of removal, and CAT relief was not in error because his claims were all based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5